UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NU LAI,

Plaintiff,

v.

CAROLYN W. COLVIN Acting Commissioner of Social Security,

Defendant.

CASE NO. C14-0731-TSZ-MAT

REPORT AND RECOMMENDATION

Plaintiff Nu Lai proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1951.[1] She attended school in China through junior high

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

and completed English as a Second Language classes up to level three. (AR 46.)

Plaintiff applied for DIB and SSI benefits on September 20, 2010. (AR 20, 214-24.) That application was denied and plaintiff timely requested a hearing. (AR 144-53, 158-60.)

On February 13, 2012, ALJ Larry Kennedy held a hearing in Seattle, Washington, taking testimony from plaintiff and a vocational expert. (AR 38-83.) On April 4, 2012, the ALJ issued a decision finding plaintiff not disabled. (AR 17-37.) Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on March 15, 2014 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since January 1, 2008, the alleged onset date. (AR 22.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's degenerative disc disease of the cervical spine/cervalgia, shoulder degenerative joint disease/supraspinatous nerve impingement, bipolar disorder, and anemia to be severe impairments. *Id.* Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 23.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff capable of performing a sedentary work except as follows. Plaintiff is able to stand and/or walk about two hours in an eight hour workday, can lift ten pounds with the right upper extremity alone or with both extremities together, and can occasionally lift or carry articles like docket files, ledgers, and small tools with both upper extremities. Plaintiff has no limitations in pushing or pulling, can frequently reach below shoulder level and seldom reach overhead. Plaintiff can occasionally stoop, kneel, and crouch and must avoid constant exposure to vibrations. She can perform simple, routine tasks and follow short, simple instructions. Plaintiff is able to do work that requires little or no judgment and is able to perform simple duties that can be learned on the job in a short period of time. Plaintiff has an average ability to maintain attention, concentration, persistence, and pace to perform sustained work activities in an ordinary work setting on a regular and continuing basis within customary tolerances of employers' rules regarding sick leave and absences. Plaintiff can deal with occasional work setting changes and can have incidental contact with the general public, but should not deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process. (AR 25.) With that assessment, the ALJ found plaintiff able to perform past relevant work as a printed circuit board assembler. (AR 31.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found plaintiff capable of performing past relevant work, the ALJ did not proceed to step five. (AR 35-36.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by (1) rejecting the opinions of Heather Kovich, M.D., Jennifer Melscher, A.R.N.P., Zheru Li, P.A., Edward Farmer, M.A., L.M.H.C., and David Widlan, Ph.D., (2) discounting plaintiff's credibility, and (3) finding plaintiff capable of returning to her past relevant work. According to plaintiff, these errors should be remedied by a remand for payment of benefits, or in the alternative, for additional proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed, and that if it is remanded it should be remanded for additional proceedings.

Medical Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the

record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Less weight may be assigned to the opinions of "other sources," such as nurse practitioners. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). However, the ALJ's decision should reflect consideration of other source opinions, Social Security Ruling (SSR) 06-3p, and the ALJ may discount the evidence by providing reasons germane to each source, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (cited sources omitted).

Plaintiff here challenges the ALJ's consideration of various medical opinions and other evidence. Because the record contained contradictory medical opinions, the ALJ was required to provide specific and legitimate reasons for rejecting physicians' opinions.

A. Heather C. Kovich, M.D.

Heather C. Kovich, M.D., examined plaintiff as part of a physical consultative evaluation on October 1, 2008. (AR 362-68.) Dr. Kovich diagnosed plaintiff with sleep disorder, shoulder and neck pain, and hypertension. (AR 366-67.) Dr. Kovich opined plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently. (AR 367.) She also opined that any weight plaintiff carried would have to be in her right hand. *Id.* Dr. Kovich further stated that "anything involving repeated flexion of her neck would be difficult for her given that annular tear and the compression of her spinal cord at that C-4-C5 level." *Id*. Finally, Dr. Kovich opined that plaintiff would be limited to occasional bending, stooping, and crouching as a result of her neck flexion issues. *Id.*

The ALJ gave Dr. Kovich's opinion some weight noting that "other evidence in the record indicates that additional limitations consistent with the residual functional capacity outlined above are warranted." (AR 27.) Plaintiff argues the ALJ erred by giving weight to Dr.

Kovich's opinion but failing to incorporate all opined limitations into the residual functional capacity finding. Dkt. 12 at 6-9. This Court agrees.

While the ALJ's RFC finding was more restrictive in some ways than the opinion of Dr. Kovich, the ALJ's RFC finding did not include any limitation related to plaintiff's ability to move her neck. (AR 25, 367.) While the ALJ "need not discuss *all* evidence presented" to him or her, the ALJ must explain why "significant probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The vocational expert testified that plaintiff's past work required constant flexion of the neck. (AR 80.) Thus, any limitation in plaintiff's ability to move her neck could affect plaintiff's ability to return to her past relevant work, and affect the ultimate disability determination. Therefore, Dr. Kovich's opinion regarding plaintiff's ability to more her neck is significant probative evidence, and the ALJ erred by failing to provide a reason for rejecting such evidence.

Defendant argues the ALJ properly incorporated Dr. Kovich's opined neck flexion limitations by limiting plaintiff to occasional stooping and crouching. Dkt. 16 at 6. While Dr. Kovich found plaintiff's neck flexion issues would cause plaintiff to be limited to occasional bending, stooping, and crouching, it is clear that the ability to move one's neck is a separate vocationally relevant limitation. The vocational expert testified that testified that someone limited to occasional stooping and crouching could perform plaintiff's past work as a printed circuit board assembler. (75-80.) She also testified that plaintiff's past work involved constant neck flexion. (AR 80.) Thus, while someone limited to occasional stooping and crouching could perform plaintiffs past relevant work, someone with neck flexion limitations could not. (AR 80.) Therefore, the postural limitations included in the RFC finding did not adequately account for

Dr. Kovich's opined neck flexion limitation.

Plaintiff also argues the ALJ failed to properly incorporate Dr. Kovich's opined lifting limitations into the RFC finding and failed to provide reason for rejecting the limitations. Dkt. 12 at 9. Dr. Kovich opined that "any weight [plaintiff] carries would have to be in her right hand…" (AR 367.) However, the ALJ found plaintiff could occasionally lift or carry articles like docket files, ledgers, and small tools with the left upper extremity alone. (AR 25.) While docket files, ledgers, and small tools likely weigh very little, they do have some weight, which appears inconsistent with Dr. Kovich's opinion that plaintiff must carry all weight with her right hand. As such, the ALJ failed to fully adopt this opinion or provide reason to reject the opinion.

The ALJ erred by failing to provide specific and legitimate reasons to discredit Dr. Kovich's opinion. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)). As already discussed, the vocational expert testimony demonstrates that, had Dr. Kovich's opinion been adopted in full, the disability determination would likely change. Thus, the ALJ's error in

evaluating Dr. Kovich's opinion was not harmless.

B.     Zheru Li, P.A.

Zheru Li, P.A. completed a functional assessment of plaintiff for the Washington State Department of Social and Health Services on January 24, 2011.  (AR 1017-23.)  Ms. Li opined that plaintiff would be limited to standing for two hours in an eight hour work day and sitting for two hours in an eight hour work day.  (AR 1017.)  Ms. Li also opined plaintiff would be able to lift ten pounds occasionally and five pounds frequently and that plaintiff has postural and gross or fine motor skill restrictions.  (AR 1017-18.)  In October 2011, Ms. Li submitted a letter stating that plaintiff's neck and shoulder problems would prevent her from sitting, standing, or walking for more than thirty minutes at a time.  (AR 1162.)  She further opined that plaintiff would be unable to work eight hours a day, five days a week, on a consistent basis.  *Id.*

The ALJ gave these opinions little to no weight finding that Ms. Li's treatment notes "do not contain significant objective findings to support the limitations indicated."  (AR 28.)  The ALJ went on to state that "it appears PAC Li accepted the claimant's subjective complaints."  *Id.*  Plaintiff argues the ALJ did not provide legally sufficient reasons to discredit Ms. Li's opinion.  Dkt. 12 at 10-11.  This Court again agrees.

The ALJ first discredits the opinion finding it unsupported by objective evidence in the treatment notes.  (AR 28.)  The ALJ discussed some of plaintiff's treatment notes, however, he failed to discuss the 2008 neck MRI which Ms. Li noted was the basis for his opinion.  (AR 28, 1161.)  This MRI showed C3-C4 annular tear with a small focal central protrusion touching the ventral cord.  (AR 1021.)  At C5-C6 level it showed a focal central protrusion causing mass effect on the right ventral cord. *Id.*  At C6-C7 it showed an annular tear with focal central protrusion in the midline which touched but did not deform the ventral cord. *Id.*  The records

also contain a left shoulder MRI which showed a partial thickness tear and arthropathy of the AC joint. (AR 1021.) Ms. Li's opinion was supported by objective findings, and thus the ALJ's conclusion otherwise is not supported by substantial evidence.

Further, while the ALJ stated that the records document few complaints of neck pain prior the January 2011 opinion, this is also contradicted by the record. (AR 28.) Treatment notes from Rainier Beach Medical Clinic, the clinic where Ms. Li works, shows consistent reports of neck, back, and shoulder pain back to 2008. (AR 1025, 1028, 1030, 1033, 1035, 1040, 1045, 1050, 1053, 1056, 1060, 1063, 1066, 1068, 1075, 1079, 1091, 1095, 1111, 1117, 1121, 1142). The ALJ's conclusion about plaintiff's reports of pain is not supported by the record.

Defendant argues that the ALJ properly discredited Ms. Li's opinion as based on subjective complaints. Dkt. 16 at 10. However, the ALJ's points to no evidence to support this conclusion. Ms. Li examined plaintiff on numerous occasions and performed range of motion testing as part of the January 2011 functional assessment. (AR 1019-20.) Further, as noted above, Ms. Li reviewed a cervical spine and left shoulder MRI prior to rendering her opinion. (AR 1021.) The ALJ's conclusion that the opinion was improperly based on subjective complaints is not supported by substantial evidence in the record.

The ALJ erred by failing to provide germane reasons to discredit the opinion of Ms. Li. Because these opinions limited plaintiff to less than full time competitive employment, had they been accorded weight, the disability determination would likely change. Thus the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

<u>Adverse Credibility Determination</u>

The Court has already concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration. In addition, a

determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

Step Four Finding

Plaintiff also argues the ALJ erred in finding plaintiff capable of performing her past work as a printed circuit board assembler. Dkt. 12 at 1. Because this finding was based in part on an erroneous evaluation of the medical evidence, plaintiff's ability to perform her past work should also be reevaluated upon remand.

## CONCLUSION

For the reasons set forth above, this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 19, 2014**.

DATED this 1st day of December, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge